## PRICE et al. v. UNITED STATES. *

Circuit Court of Appeals, Fifth Circuit.
February 7, 1929.

No. 5261.

John T. Hill and Charles Owen, both of El Paso, Tex., for appellants.

John D. Hartman, U. S. Atty., of El Paso, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants and one other, T. C. Geselle, were indicted in two counts for the unlawful use of the mails in furtherance of a scheme to defraud. Appellants were convicted on the first count and acquitted on the second count, and Geselle was found not guilty on both counts. The record presents 33 assignments of error. Many of them, however, are so indefinite that we are unable to identify what was objected to, and apparently most of them are aban-

* Rehearing denied March 25, 1929.

doned. It would be useless to discuss the assignments separately.

The scheme alleged in the indictment was substantially this: That Price and Geselle would purchase a grocery store owned by one E. J. Blakeman, located in the city of Wichita, Kan., for $1,275, for which they would give a promissory note, to be secured by a deed for 320 acres of land in Brewster county, Tex.; that Richardson would act as intermediary between Blakeman and Price and Geselle; that as part of the scheme, and in order to induce Blakeman to execute a bill of sale for the store and to accept the note and deed above mentioned, the three parties indicted would represent to Blakeman that Price had good and valid title to the land, and an abstract showing this would be submitted; that they would represent that the land was reasonably worth from $15 to $20 an acre and that $1,700 worth of orange and other citrus trees had been ordered for the purpose of planting on the land, which was rich in fertility and capable of growing and producing all kinds of citrus fruits and different kinds of crops; that Price and Geselle would pay the promissory note upon maturity and redeem the land; and that Richardson would personally guarantee the payment of the note. The indictment further alleged that the representations and promises were wholly false and fraudulent, in that Price did not own the land and could not convey good and valid title to it; that for the past 20 years the ownership and title was vested in one W. W. Turney of El Paso, Tex.; that the abstract presented was false, in that it did not show the true chain of title to the land and did not show the title to be vested in Turney; that the lands were typical midwest Texas lands and not worth over $5 per acre at a reasonable market value and were incapable of growing oranges and other citrus fruits and would not grow any kind of crops in profusion unless supplied with sufficient water for successful irrigation; that neither Price nor Geselle intended to pay the promissory note nor anything of value for the grocery store; and that Richardson did not intend to guarantee the payment of the note.

A general demurrer to the indictment was interposed and overruled, and a motion was made for a directed verdict. It is unnecessary to discuss either of these questions in detail. It is sufficient to say that the indictment was good in form and the proof was more than ample to support the verdict.

 In the course of the trial Price offered to show by his own testimony that he actually had a deed from one of Turney's authors but had lost it, and also sought to introduce in evidence, for the purpose of showing good faith, a chain of title to land adjoining that covered by the deed given as security. This evidence was not admitted.

Good faith is an element of defense to a prosecution for fraudulent use of the mails, but it would be going rather far to permit a defendant to show title to real estate by his own testimony. If the defendants were honestly mistaken as to the land intended to be conveyed as security for the note, the abstract and chain of title to the adjoining land would have been admissible, in connection with defendant's testimony, to show good faith. But any such theory of defense was entirely negatived by the other evidence in the case, and the other representations shown to be false would have been sufficient to make the scheme fraudulent. If error was committed, it was harmless.

The record presents no reversible error. Affirmed.